# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN ALAN THACKER,** ) | |
| Plaintiff, ) | Case No. 7:23cv00230 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **SAREENA SCOTT, R.N., et al.,** ) | By: Pamela Meade Sargent |
| Defendants. ) | United States Magistrate Judge |

Justin Alan Thacker, a Virginia inmate proceeding pro se, has filed suit against the defendants, pursuant to 42 U.S.C. § 1983, alleging open wounds on his legs, which are not healing, and that he needs medical assistance. Defendants Scott, Large, Thomas, Addington, Skidmore, and Hurlburt have filed a Motion to Dismiss the complaint for failure to state a claim upon which relief may be granted.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and that the alleged deprivation was committed by a person acting under color of state law. *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017). Liability under § 1983 is personal, "based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a claim under §1983 must provide factual detail about each defendant's personal involvement, that is, what each defendant did personally that violated the plaintiff's rights. Although Thacker has named six defendants, (five of whom filed the motion to dismiss under consideration), his allegations do not state what each defendant did,

what each defendant should not have done or what each defendant failed to do that that he or she should have done.

The sole allegations state:

> June 10th 2022 – April 19 – 2023 (sic) Medical is unable to treat my open wounds. Need professional medical assistance.
>
> I've got ulser's (sic) on my legs an (sic) they can't get them to heal & I'm afraid I'm going to loose (sic) my legs.

(Docket Item No. 1 at 2.)

Thacker's claim alleges that he needs medical treatment. To proceed on a medical claim under § 1983, an inmate must state a claim for deliberate indifference to an inmate's serious medical needs, which would be considered a violation of the Eighth Amendment. *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). Simple medical negligence or malpractice is not enough to create a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). Likewise, disagreements between an inmate and a health care provider over how much or what kind of treatment is necessary do not state a claim under § 1983 except in very unusual circumstances. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). To state a § 1983 claim properly, a plaintiff must show that (1) he has a medical condition that has been diagnosed by a doctor as requiring treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention and (2) each defendant that plaintiff seeks to recover from "had actual

knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Gordon*, 937 F.3d at 356–57.

In meeting the first prong, open wounds that will not heal may or may not constitute a condition so severe that even a lay person would recognize the need for a doctor's attention. More factual detail about the condition is needed: Were the sores infected? Has the inmate been diagnosed with diabetes, such that sores do not heal properly? How many sores did he have? *See Scinto v. Stansberry*, 841 F.3d 219, 230 (4th Cir. 2016) ("Recognizing that it is a well-known fact that diabetes is a common yet serious illness that can produce harmful consequences…."); *but see Albritton v. Edwards,* No. 7:05cv00384, 2005 WL 2777284, at *6 (finding that a sore on plaintiff's face, probably a pimple, which fully healed within three weeks was not a serious medical condition).

Nor has Thacker alleged facts sufficient to show the second prong of his claim. Regarding each defendant, he must allege facts establishing that the defendant knew about Thacker's serious medical condition, and then, with such knowledge, disregarded the risks to Thacker. If the defendant provided some treatment to him, even if that treatment did not work, then the defendant has not disregarded the inmate's need by providing that treatment. Even if plaintiff believed that a different course of treatment would work better, that does not establish deliberate indifference to his needs. *Wright*, 766 F.2d at 849. If Thacker alleges that a defendant knew of his serious medical condition and did not provide any treatment, then that would state a sufficient claim. If he alleges that a defendant delayed providing treatment for an unreasonable time, then he must also allege harm caused by the delay, such as significant worsening of his condition or

prolonged serious pain.  *Webb v. Hamidullah*, 281 F. App'x 159, 166–67 (4th Cir. 2008).

For the foregoing reasons, the court will grant the defendants' motion to dismiss for failure to state a claim upon which relief may be granted.  However, because Thacker is acting pro se and may be able to state sufficient factual allegations to state a plausible claim, the court will dismiss the complaint without prejudice and allow him to file an amended complaint within 30 days, if he so chooses.  Such amended complaint must name every person he intends to bring the action against and specifically describe how each person violated his federal rights.  The amended complaint will replace the original complaint and will constitute the sole complaint in this action.

An appropriate order will be entered this day.

ENTERED:  February 13, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

4