# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JUSTIN ALAN THACKER,** ) | |
| Plaintiff, ) | Case No. 7:23cv00230 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **SAREENA SCOTT, R.N., et al.,** ) | By: Pamela Meade Sargent |
| Defendants. ) | United States Magistrate Judge |

Justin Alan Thacker, a Virginia inmate proceeding pro se, has filed a suit under 42 U.S.C. § 1983 alleging lack of medical care. The matter is before the court on defendant Hale's Motion to Dismiss on the following grounds: (1) Plaintiff has failed to exhaust administrative remedies; (2) Hale is either not a state actor or she is entitled to qualified immunity; and (3) failure to state a claim as a matter of law.[1] For the reasons stated below, the court will dismiss the complaint against Hale without prejudice.

A motion to dismiss under FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of a complaint, that is, whether the facts alleged by plaintiff, accepted as true, are sufficient to state a claim for which relief can be granted. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The facts alleged must be sufficient for the court to infer that the defendant is liable if those facts are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed and held to a less stringent standard than those drafted by an attorney. *Erickson v.*

---

[1] Defendant Hale's memorandum in support of her motion to dismiss also opposed plaintiff's claim for injunctive relief. The motion for injunctive relief was previously denied. *See* Docket Item No. 47.

*Pardus*, 551 U.S. 89, 94 (2007).  However, legal conclusions, labels, and conclusory statements are not facts and will not save a claim that is not supported by facts. *Ashcroft*, 556 U.S. at 678–79.

A. Failure to Exhaust

As noted by the defendant, the Prison Litigation Reform Act, ("PLRA"), requires a prisoner to exhaust administrative remedies before filing a § 1983 claim regarding prison conditions.  42 U.S.C. § 1997e(a).  However, the Supreme Court has held that failure to exhaust is an affirmative defense, one that the defendant is required to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  A prisoner is not required to plead that he has exhausted his remedies, nor is he required to demonstrate exhaustion in his complaint or in attachments to the complaint.  *Jones*, 549 U.S. at 216.  Defendant's motion will not be granted on this ground.

B. State Actor/Qualified Immunity

To state a claim for medical indifference under § 1983, a plaintiff must allege the violation of his rights under the Constitution and laws of the United States committed by someone acting under color of state law.  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017).  Even one acting under color of state law is entitled to qualified immunity if (1) no constitutional violation is established OR (2) the right violated was not clearly established at the time of the violation.  *Halcomb v. Ravenell*, 992 F.3d 316, 319 (4th Cir. 2021).

Thacker has not alleged that Hale was acting under color of state law, although one might infer that she was because Thacker's complaint arises from the medical care he has or has not received while in Duffield jail.  "The provision of medical services to prison inmates is the state's exclusive prerogative for the same reason it

2

is its constitutional duty: a prisoner has no alternative means of acquiring medical care other than those provided by the state." *Conner v. Donnelly*, 42 F.3d 220, 224 (4th Cir. 1994). Accordingly, when an inmate alleges a constitutional violation by medical personnel provided by the prison to give medical care to an inmate, such medical personnel is acting under color of state law, whether the health care provider is an employee of the jail, an independent contractor, or an outside provider paid to treat the inmate. *Conner,* 42 F.3d at 225.

Thacker's allegations do not currently state a constitutional claim, however, as will be discussed in subsection (C) below. Unless and until he alleges a constitutional violation, Hale will be protected by qualified immunity.

C. <u>Failure to State a Claim</u>

To state a claim for relief based on medical care, a plaintiff must allege facts showing a defendant's deliberate indifference to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Such deliberate indifference to serious medical need rises to the level of cruel and unusual punishment, thereby violating the Eighth Amendment. *Estelle,* 429 U.S. at 102–04. Ordinary negligence or medical malpractice alone is not sufficient to state a claim for medical indifference. *Estelle,* 429 U.S. at 105. Even in a basic medical malpractice case, as argued by the defendant, the plaintiff must allege and prove that a health care provider violated the appropriate standard of care by failing to act with the degree of skill and diligence practiced by a reasonable practitioner in the provider's specialty. *Franklin v. K-Mart Corp.*, 997 F. Supp. 2d 453, 457–458 (W.D. Va. 2014). The very brief allegations in Thacker's complaint do not allege either negligence, medical malpractice or medical indifference. He alleges only that medical is "unable

to treat" his open wounds and that they "can't get them to heal." (Docket Item No. 1 at 2.)

The court recognizes that plaintiff, as a pro se litigant, may not have realized the need to state (1) facts showing deliberate indifference to a known medical condition and (2) facts showing that the medical condition was serious, based on a doctor's diagnosis or by symptoms so obvious that even a lay person would easily recognize the need for a doctor's attention. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (defining serious medical need). Because he may be able to state sufficient factual allegations to state a plausible claim, the court will dismiss the complaint without prejudice and allow him to file an amended complaint within 30 days if he so chooses. Such amended complaint must name every person Thacker intends to bring this action against and specifically describe how each person, including defendant Hale, violated his constitutional rights. The amended complaint will replace the original complaint and will constitute the sole complaint in this action.

An appropriate order will be entered this day.

**ENTERED:** February 13, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE